IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TIMOTHY BOLLACK, *et al.*,

      Plaintiffs,

    vs.                         Civil Action 2:08-CV-62
                                     Judge Graham
                                     Magistrate Judge King

ALLSTATE INDEMNITY COMPANY,
*et al.*,

      Defendants.

## REPORT AND RECOMMENDATION

      This action was originally filed in the Court of Common Pleas for Union County, Ohio. The complaint alleges that plaintiffs Timothy and Alycia Bollack are the owners of real estate located in Marysville, Ohio, which was damaged by fire. The Bollacks further allege that their insurer, defendant Allstate, refused to pay their claims and have acted in bad faith toward its insureds. Also named in the complaint, as "involuntary plaintiffs," are the first mortgagee on the property and the Union County Treasurer, who, it is alleged, has "an interest in the property owned by the Plaintiffs." *Complaint,* ¶4, Doc. No. 2.

      Allstate removed the action pursuant to 28 U.S.C. §1441(a)(1) as a diversity action that could have been originally filed in this Court. *Notice of Removal*, Doc. No. 1. Allstate specifically alleges that it is an Illinois corporation with its principal place of business in Illinois. *Id.* The notice of removal expressly alleges complete diversity of citizenship between the plaintiffs, including all "involuntary plaintiffs," and the defendant. *Id.* Moreover, the complaint alleges damages well in excess of $75,000.00. *See Complaint,* ¶9.

      After the removal of the action to this Court, the Union County Treasurer filed an answer consisting of two (2) paragraphs:

> [T]he Union County Treasurer claims an interest in the real estate described in the Complaint for all current and/or delinquent real estate taxes which are due upon the real estate and which are the first and best lien upon the real estate.

> **WHEREFORE** the Union County Treasurer prays that, in the event of any sale of the real estate, that the interests of the Union County Treasurer be preserved and that all real estate taxes, including any interest and penalties, be paid.

*Answer of Defendant Union County Treasurer,* Doc. No. 6.[1]

In apparent response to that answer, plaintiffs filed an "answer" to the claims of the Union County Treasurer, Doc. No. 7, as well as a motion to remand the action for lack of complete diversity.

The motion to remand is based upon plaintiffs' characterization of the answer of the Union County Treasurer. According to plaintiffs, the treasurer has asserted a claim for relief against the Bollack plaintiffs, thereby destroying complete diversity. Under these circumstances, plaintiffs argue that remand of the action to the state court is appropriate.

It is not entirely apparent what the plaintiffs intended by naming the Union County Treasurer as an "involuntary plaintiff" in the original complaint. Presumably, the treasurer's interest in the property, referred to in the complaint, consists of the real estate taxes associated with the plaintiffs' real estate. The answer of the treasurer does not appear to seek affirmative relief from either Bollack plaintiff; rather, the answer seeks recovery on the treasurer's tax lien only "in the event of a sale."

It appears that, at the time of removal, there was complete diversity between, on the one hand, all plaintiffs, *i.e.,* the homeowners, the mortgagee and the Union County Treasurer, all of whom have an interest in the Bollacks' property, and, on the other hand, the named defendant. The filing of the Union County Treasurer's answer does not necessitate a realignment of the parties, nor does that answer destroy otherwise complete

---

[1] The *Answer* appears to have been drafted for use in a foreclosure action.

diversity in this action.

It is therefore **RECOMMENDED** that the motion to remand, Doc. No. 7, be **DENIED.**

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within ten (10) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within ten (10) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).


April 24, 2008                          s/Norah McCann King
                                        Norah M<sup>c</sup>Cann King
                                    United States Magistrate Judge